UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YADWINDER SINGH, Petitioner, v. CHRISTOPHER CHESTNUT, et al., Respondents. | Case No. 1:26-cv-00617-JLT-HBK (HC)<br>FINDINGS AND RECOMMENDATIONS TO GRANT THE PETITION FOR WRIT OF HABEAS CORPUS [1]<br>(Doc. 1)<br>FOURTEEN (14) DAY OBJECTION PERIOD |

On January 25, 2026, Petitioner filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration Customs and Enforcement (ICE) as a violation of his procedural and substantive due process rights under the Fifth Amendment, and a violation of the Administrative Procedure Act ("APA"). (Doc. 1 at 17-20). As relief, Petitioner seeks, *inter alia,* a writ of habeas corpus requiring his release him from custody. (*Id*. at 20).

On January 25, 2026, Petitioner also filed a motion for a temporary restraining order ("TRO"). (Doc. 2). On February 5, 2026, the district judge converted the TRO to a motion for preliminary injunction and granted the motion. (Doc. 11). In relevant part, the Court found a

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

protected liberty interest was created when Petitioner was previously released on recognizance, and, after consideration of the *Mathews v. Eldridge*[2] factors, the Court concluded Petitioner demonstrated a likelihood of success on the merits of his procedural due process claim. (Doc. 11 at 3-5).

The Court ordered Respondents to immediately release Petitioner from DHS custody without imposing any additional restrictions. (Doc. 11 at 6). The Court also permanently enjoined and restrained Respondents from re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice of at least seven days before a pre-deprivation hearing at which the government will bear the burden of demonstrating by clear and convincing evidence that he is likely to flee or pose a danger to the community if not arrested. (*Id*. at 6-7). The district judge referred the matter to undersigned magistrate judge to address the merits of the Petition. (*Id*. at 7).

Having reviewed the record and applicable law,[3] the undersigned adopts the reasoning in the Court's February 5, 2026 Order and concludes that Petitioner's re-detention without a pre-deprivation hearing violated his procedural due process rights. (Doc. 11). This conclusion is consistent with analogous decisions addressing re-detention of noncitizens following conditional release. *See, e.g., Espinoza v. Kaiser*, 2025 WL 2581185, at *11 (E.D. Cal. Sept. 5, 2025); *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1082-1090 (N.D. Cal. Oct. 15, 2025). Because Petitioner seeks release from unlawful civil detention, the Court recommends the district court grant the petition under 28 U.S.C. § 2241 and fashion the writ to require either continued release on prior conditions or constitutionally adequate pre-deprivation process, as specified in the permanent injunction.

Accordingly, it is RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 1) be GRANTED and the preliminary injunction entered on February 5, 2026 (Doc. 11) be converted into a permanent

[2] 424 U.S. 319, 335 (1976).

[3] The February 5, 2026 Order directed that Respondents may file further briefing on the merits, or a notice they do not intend to file further briefing within 30 days. (Doc. 11 at 7). The time period to file further briefing has expired; thus, the Court takes the matter under submission on the current record.

injunction implementing the writ, which shall remain in effect; and,

2. The case be CLOSED.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: August 3, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE